UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES,

    -v-                                            No. 94-CR-0682-LTS

AVERY ROGERS,

        Defendant.

-------------------------------------------------------x

## ORDER

The Court has received a letter from Avery Rogers, styled a "Letter Rogatory for Relief Under the Hague Convention," requesting sealing or other elimination of records of his 1995 criminal conviction in the above-captioned case.

Mr. Rogers is not challenging his conviction. Rather, he states that his letter constitutes a "[d]emand that all cases/cause/claim and or charges be dissolved, dismiss, Quash, 1:94CR682-1," which the Court construes as a request to have the record of his criminal conviction in this matter sealed or expunged. Unfortunately, the Court does not have authority to grant Mr. Rogers' request for sealing. Where, as here, a request for sealing is brought years after a valid conviction and completion of the sentence imposed, the court does not have the power to assert jurisdiction over, or grant, requests for expungement of such. See Doe v. United States, 833 F.3d 192, 196 n.1 (2d Cir. 2016) (refusing a motion to "expunge" a criminal conviction on grounds of collateral consequences and post-offense rehabilitation, but explaining the action of the District Court to be overturned was "in effect" a sealing of Doe's criminal conviction). The only federal statute providing for such judicial relief is 18 U.S.C. section 3607, but that statute limits the types of records that may be expunged to certain dispositions of offenses under section

404 of the Controlled Substances Act (21 U.S.C. § 844).  The statute does not apply to Mr. Rogers' offense.  The Court therefore does not have power under current law to exercise jurisdiction over this request or to grant it.  Accordingly, Mr. Rogers' request is denied.

Mr. Rogers further appears to challenge this Court's jurisdiction over him, to allege conspiracies involving the "securitization" of court filings, and to demand payments and financial records.  He presents no cognizable legal or factual basis for any of these positions, and all of the requests made in his filing are denied.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Rogers, at the below address.

SO ORDERED.

Dated: New York, New York
       March 8, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Copy to be mailed to:

Avery Rogers
2129 Rindle Drive
High Point, N.C. 27262